IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JULIUS L. COOPERWOOD                                                                           PLAINTIFF

v.                                       No. 4:15–CV–430-JM-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                 DEFENDANT

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge James M. Moody, Jr.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Moody may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Julius L. Cooperwood seeks judicial review of the denial of his fourth application for supplemental security income (SSI).[3] Mr. Cooperwood last worked as a restaurant dishwasher; he lost his job when the restaurant closed.[4] Mr. Cooperwood based disability on high blood pressure, panic attacks, medication side effects, right knee problems, and poor right-eye vision.[5]

**The Commissioner's decision**. Because SSI benefits are not payable prior to the date of application, the Commissioner's ALJ considered whether Mr. Cooperwood was disabled beginning May 16, 2012.[6] The ALJ identified learning disorder, anxiety disorder with pain and reactive features, status post right knee meniscectomy, hypertension, and obesity as severe impairments.[7] The ALJ determined Mr. Cooperwood could do some light work.[8] Because a vocational expert identified

---

[3]SSA record at p. 127 (applying on May 16, 2012 and alleging disability beginning Jan. 1, 1999); *id*. at p. 134 (reflecting prior applications alleging disability beginning May 30, 1991, Jan. 1, 1999 & Nov. 9, 2007) & *id*. at p. 141 (reporting denial of prior applications on Dec. 9, 2009 & Jan. 7, 2003).

[4]*Id*. at pp. 37 & 310.

[5]*Id*. at p. 145.

[6]*See* 20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[7]SSA record at p. 14.

[8]*Id*. at p. 18.

available light work, the ALJ determined Mr. Cooperwood was not disabled and denied the application.⁹

After the Commissioner's Appeals Council denied a request for review,¹⁰ the decision became a final decision for judicial review.¹¹ Mr. Cooperwood filed this case to challenge the decision.¹² In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.¹³ This recommendation explains why the court should affirm the decision.

**Mr. Cooperwood allegations**. Mr. Cooperwood challenges the determination that he could do light work. He claims the ALJ should have ordered a physical consultative exam to evaluate his right knee and the effects of obesity. He contends the

---

⁹*Id*. at pp. 23-24.

¹⁰*Id*. at p. 1.

¹¹*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

¹²Docket entry # 1.

¹³*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

ALJ failed to do a function-by-function analysis of his ability to work and that a function-by-function analysis would show that his right knee and obesity prevent light work. He complains that the ALJ did not account for limitations in social functioning; the ALJ failed to identify inconsistences weighing against his credibility; the hypothetical question omitted supported symptoms; and the ALJ relied on an incomplete exhibit list. For these reasons, he maintains, substantial evidence does not support the ALJ's decision.[14]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show that Mr. Cooperwood could do some light work and that work existed that he could do. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[15] The ALJ required light work involving simple, routine, repetitive tasks. A reasonable mind would accept the evidence as adequate for the following reasons:

>1. **Medical evidence establishes no disabling symptoms**. A claimant must prove disability with medical evidence; allegations are not enough to prove disability.[16] Treatment records suggest right-knee surgery triggered

---

[14]Docket entry # 9.

[15]20 C.F.R. § 416.967(b).

[16]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical

the challenged application, because one month before applying, Mr. Cooperwood underwent arthroscopic surgery on the right knee.[17] The injury necessitating the surgery likely limited the ability to work before surgery, but the surgeon released Mr. Cooperwood to work one week after surgery.[18] Mr. Cooperwood reported a decrease in pain and the knee could bear weight.[19] The surgeon instructed Mr. Cooperwood to return if symptoms persisted, but he did not return. This history indicates surgery relieved pre-surgery symptoms. Agency medical experts projected that Mr. Cooperwood would recover to do medium work.[20]

After that time, Mr. Cooperwood complained about right knee pain from time to time.[21] Medical providers prescribed medication for pain relief. Prescribed treatment indicates symptoms could be controlled. Symptoms

---

signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[17]SSA record at p. 250.

[18]*Id*. at p. 288.

[19]*Id*.

[20]*Id*. at pp. 304 & 353.

[21]*Id*. at p. 356 (Oct. 23, 2012) & p. 392 (Dec. 4, 2013).

that can be controlled by treatment are not disabling.[22]

2. **The ALJ fairly and fully developed the record**. The ALJ must fairly and fully develop the record as to the matters at issue.[23] Mr. Cooperwood claims the ALJ should have ordered a physical consultative exam, but an ALJ must "order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled."[24]

Mr. Cooperwood saw medical providers fairly regularly for management of hypertension. The ALJ had associated treatment records, the knee surgeon's records, and emergency room records. Treatment records document Mr. Cooperwood's weight. The records document no limitations flowing from the right knee or obesity. No need existed for a consultative physical exam. Treatment records provided sufficient medical evidence to determine whether Mr. Cooperwood was disabled. Mr. Cooperwood says the ALJ acted upon an incomplete exhibit list, but the record shows that the ALJ considered all of the evidence.

3. **Substantial evidence supports the credibility assessment**. Because medical evidence does not support the claim, the success of Mr. Cooperwood's application depends on the credibility of his subjective complaints. "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole."[25] Mr. Cooperwood contends that the ALJ failed to identify inconsistencies undermining his credibility, but the ALJ contrasted allegations with activities of daily living, treatment records, and mental diagnostic evaluations.[26] Mr. Cooperwood's real complaint is the result — the ALJ's conclusion that treatment notes fail to support subjective allegations and that objective medical evidence

---

[22]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[23]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

[24]*Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

[25]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[26]SSA record at pp. 20-21.

weakens his credibility. A reasonable mind would accept the evidence as adequate to support the credibility evaluation.

4. **Vocational evidence supports the decision**. After determining Mr. Cooperwood's ability to work, the ALJ consulted a vocational expert. When asked about available light work involving simple, routine, repetitive tasks, the vocational expert identified representative jobs: housekeeper hotel and fast food worker.[27] The availability of these jobs shows that work exists that Mr. Cooperwood could do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[28] The ALJ also asked about sedentary work. The vocational expert identified available sedentary work.[29] A person who can do light work can do sedentary work.

To the extent Mr. Cooperwood contends the ALJ failed to do a function-by-function analysis, the light-work determination embodies an implicit finding that Mr. Cooperwood had the functional capacity to do light work.[30] Mr. Cooperwood contends the ALJ should have included moderate difficulties in social functioning, but that argument flows from the psychiatric review techniques finding at step three of the disability determination process. The step-three determination does not control at step four.

Simple, routine, repetitive work involves incidental interpersonal contact. No evidence suggests that Mr. Cooperwood lacked social skills needed for incidental interpersonal contact. He complains about the weight assigned

---

[27]*Id*. at p. 52.

[28]42 U.S.C. § 1382c(a)(3)(B).

[29]SSA record at pp. 52-53 (identifying document preparer and table worker as simple, routine, repetitive sedentary work with numerous postural limitations).

[30]*Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (record reflected implicit finding about claimant's ability to sit, stand, and walk).

to his first mental diagnostic evaluation,[31] but the exam preceded the time period for which benefits were denied.

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision.  The ALJ made no harmful legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Mr. Cooperwood's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 11th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[31]SSA record at p. 232 (Oct. 28, 2009).